## The State *v.* Joseph Grant.

The 19th section  of the act of 25 March, 1828, amending the  Civil Code and Code of Practice, which grants an appeal in any case in which it is contended that the right of imposing a tax is contrary to the constitution or to the laws of the state, whatever may be the amount of the  tax, refers only to claims for taxes sued for originally before a Justice of the Peace, or an Associate Judge of the City Court of New Orleans ; and where the amount claimed is under three hundred dollars the Parish Court in the Parish of Orleans, and the District Court, in the other Parishes of the State, are the highest courts to which such an appeal can be taken. Though such a claim were sued for originally in the Commercial Court, no appeal can be taken to the Supreme Court.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Preston*, Attorney General, for the State.

*Emerson*, for the appellant.

MARTIN, J. The defendant is appellant from a judgment on a claim of the State, for the sum of two hundred and fifty dollars, under the 9th section of an Act of Assembly "to increase the revenue of the State," approved March 26th, 1842, p. 440. The Attorney General has asked the dismissal of the appeal, on the ground that the amount in controversy, is under the lowest sum to which the constitution has limited the right of appeal to this court.

It has been urged, that the act of 1828 provides for an appeal on all claims of the State for taxes. Laws of 1828, p. 158. It appears to us that it does so, in cases in which "it is contended that the right of imposing a tax is contrary to the constitution or laws;" and the answer places the defendant's case within the law. It is also true, that the act provides that the appeal in matters of taxation, shall be had "whatever may be the amount of the tax;" but the question is not whether the appeal lies, but whether it does to this court. The constitution excludes it; and the act expressly states the courts to which it may be brought. The highest of these courts is that of the District, in the Country; and in the Parish of Orleans, the District Court seems to be excluded. The act refers only to claims for taxes sought to be originally enforced before a Justice of the Peace, or an Associate Judge of the City Court of New Orleans. Hence the counsel has concluded that, as the present suit was brought in the Commercial Court, no appeal lies except to this court; and as, in matters of taxation the smallness of the amount claimed does not prevent the appeal, there is no ground for the dismissal claimed by the Attorney General. The Commercial Court did not exist when the act under consideration was passed, and the District and Parish Courts are stated therein simply as courts *a quibus* and not as courts *ad quos*. It is clear that this act was passed without any reference to this court. An appeal thereto could only be pretended, upon a very forced implication. Had the Legislature given it in express terms, the constitutionality of the measure might well be questioned; and, admitting, that in such a case, we could overcome our reluctance

to declare an act of Assembly unconstitutional, nothing authorizes us to inquire whether the Legislature may extend our jurisdiction to cases under three hundred dollars, for it has not attempted to do so.

*Appeal dismissed.*